IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Zyking Davis, | ) | C/A No.: 1:22-4456-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND NOTICE |
| Spartanburg County Detention Center; Spartanburg County; and Sheriff Chuck Wright, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Zyking Davis ("Plaintiff"), proceeding pro se and in forma pauperis, is detained in the Spartanburg County Detention Center ("SCDC"). He filed this complaint alleging a violation of his constitutional rights by SCDC, Spartanburg County, and Sheriff Chuck Wright. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff alleges he has been housed in SCDC since September 21, 2021, has been "refused a level opportunity to begin to learn how to defend himself against corruption in various courts." [ECF No. 1 at 10]. In his statement of the claims, the complaint states that Sheriff Wright subjects him to "quadruple celling" in rooms designed for two and:

> more than 22+ hours each day lockdown . . .knowing that he was a understanding and competent litigant attorney David Collins Jr., Esq. "acting under authority of state" and in compliance with institution policy refusing to provide reasonable and competent attorney representation (safety measures) to protect his guaranteed United States Constitutional Rights.

*Id.* at 11 (errors in original). He seeks punitive damages as well as injunctive relief including a request that Defendants "stop inhibiting access to legal materials with 22+ hrs lockdown each day." *Id.* at 12.

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A

federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. SCDC is Not a Person

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."

Plaintiff has not stated a valid § 1983 claim against SCDC as it does not qualify as a "person." A sheriff's department, detention center, or task force is a group of officers or buildings that is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Therefore, Plaintiff's complaint is subject to summary dismissal.

2. Vague Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than

4

make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff has not alleged facts supporting an alleged constitutional violation.

To the extent Plaintiff claims a lack of access to the courts, he has not shown a specific injury. The Constitution does not guarantee an inmate adequate legal assistance and an adequate law library; rather, it guarantees a right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). To establish a claim of denial of access to the courts, an inmate cannot rely on conclusory allegations, but must instead allege an actual injury or specific harm or prejudice that has resulted from the denial. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding sua sponte dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). The Fourth Circuit Court of Appeals has unambiguously held that local jails, designed for temporary detainment, are generally not required to have a law library. *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987).

5

### 3. Supervisory Liability

The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

Plaintiff has not alleged any constitutional violation resulted from an official policy or custom or shown Wright was deliberately indifferent to his subordinates' actions that posed a constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Therefore, Plaintiff has failed to state a claim against Spartanburg County or Sheriff Wright.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **January 24, 2023**, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

January 3, 2023  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge